The United States Court of Appeals for the Ninth Circuit is now in session. Okay, so let's just before I call the case for argument, let's just make sure everybody can hear one another just to double check. Judge Clifton. Aloha. Okay. Judge Harpool. Good morning. And let's see, counsel for the petitioner, or for the appellant. Hello, this is Abby Kalala. Okay, and for the state. Good morning, Deputy Attorney General Arthur Mark. Okay, so everybody can hear one another. Since this is being streamed, Judge Clifton and I would like to thank and acknowledge Judge Douglas Harpool who's sitting with us virtually from the Western District of Missouri to help us out. Thank you, Judge Harpool. My pleasure. Okay, so our first case up for argument today is Trevino v. Dotson. Go ahead. Your Honors, and may it please the Court. Abby Kalala on behalf of Plaintiff Appellant Robert Trevino. I'd like to reserve two minutes for rebuttal. Okay. In granting summary judgment to defendants on the issue of exhaustion, the district court made two errors. First, the court concluded that the prison's failure to respond to Mr. Trevino's grievance did not make his administrative remedies unavailable so as to excuse the PLRA's exhaustion requirement. But in Andres, a case the district court ignored, this court held the exact opposite, that administrative remedies are unavailable and PLRA exhaustion satisfied when a prisoner submits a grievance and the prison failed to respond. Andres requires reversal here. Second, the district court erred in concluding that a prison mail regulation barred Mr. Trevino from submitting his grievance through confidential internal mail. In fact, the mail regulation in question allowed inmates to send confidential mail to the Prison Appeals Office. On appeal, defendants not seriously attempt to defend those key aspects of the district court's reasoning. Instead, they argue for affirmance on an alternative basis that the district court rejected, collateral estoppel. As the district court properly concluded, the California exhaustion requirement litigated in Mr. Trevino's state habeas case is distinct from the PLRA exhaustion requirement at issue here. The issues are not identical, so collateral estoppel does not apply. Aren't the factual issues identical? It seems to me that the premise behind the California Superior Court's decision is a factual conclusion that your client did not, in fact, proceed with the appeal the way he asserted that he did. Why wouldn't that factual finding be binding in our case? Well, at that point in its proceeding, before issuing an order to show cause, the state court was only performing an initial review of Mr. Trevino's habeas petition. It had to consider whether the factual allegations in the petition, taken as true, stated a prima facie case for relief. So it couldn't have been making that factual finding. And we should assume that the state court was properly applying its own law and deciding the issue that was actually presented. Not making a factual finding it wasn't permitted to make. I note that even if it was making some kind of factual finding, this is a situation where the burden is reversed between the state proceeding and the federal proceeding. In the state case, Mr. Trevino bore the burden of proving that he actually exhausted his administrative remedies. And in this case, defendants bear the ultimate burden of proving that Mr. Trevino failed to exhaust his available administrative remedies. Mr. Trevino only needed to produce evidence that administrative remedies were unavailable in his case. So both the issues are distinct and the burdens are distinct. And the district court was correct to conclude that collateral estoppel does not apply. Turning to a defendant's suggestion that this case can be affirmed because Mr. Trevino was not trustworthy in some way, it's important to remember that this case comes to the court on summary judgment. So all non-conclusory sworn factual statements must be accepted as true. And no credibility judgments should be made. So once Mr. Trevino offered his evidence that administrative remedies were unavailable, it was defendant's obligation to rebut those statements. And they just failed to do so. Isn't it your obligation or your client's obligation to come forward with sufficient evidence that a reasonable jury can rely upon that? In fact, a verdict could be reached in support of the proposition, in this case, whether or not your client had actually submitted the appeal. Under Albino v. Baca, Mr. Trevino's burden was to produce evidence of why administrative remedies were unavailable in his case. And this court has repeatedly held in both Williams v. Paramo and Todd v. Johnson that that burden under Albino can be met by a prisoner's sworn statement alone. No corroborating evidence is required. So Mr. Trevino did meet that statement here, or meet that burden here. That said, I think it's worth pointing out that this isn't a situation where there was no corroborating evidence.  where he asks about the status of his initial grievance and mentions his earlier Form 22 that the defendant never answered. Did the district court have that in front of it at the time it made its judgment? Yes. Is that something that he submitted with a motion for reconsideration? No, it was submitted with both his original complaint and attached to his opposition to defendant's motion for summary judgment. Another thing attached to both the amended complaint and the opposition to the motion for summary judgment is quite a bit of documentation about his later efforts to get new copies of the documents that he says went missing along the first appeal. So there's later Form 22 requests where he's seeking an Olson review and a number of grievances related to that Olson review, which did move through the system and the prison did respond to. So to be clear, Mr. Trevino's statement must be taken as true and defendants offered nothing to rebut it, but it's not the case here that we're relying on Mr. Trevino's statement alone and that there's no corroborating evidence. I'd also note that it's not clear what proof defendants think an inmate in Mr. Trevino's position should have submitted. Once he mailed the appeal, it was out of his hands. It's not clear how he really could prove with documentary evidence that he did mail this appeal. And that's something that the Sixth Circuit recognized in Dole, that the potential for fraud does not justify obligating truthful prisoners to prove that they mailed their complaints when prison authorities do not provide them with means for verification. Is the form for grievance just a single form? That is just a piece of paper without any backing to it? Is that a duplicate copy? I don't believe there's any duplicate copy. I think that it's a form that has a second page that can be used if you need more space to write. But no, there's no evidence here that there's any duplicate copy. Did he have any witnesses to his filling out the form? There's nothing about that in the record. So he filled out the form. According to his declaration, he filled out the form, I guess folded it up and put it in an envelope? What did he do? He says he filled out the form and then he put it in a manila envelope with the supporting documents and then mailed it. I think he says, I sent it through confidential internal mail. Did he mark it confidential? It doesn't specifically say. So there are further details that certainly defendants had every opportunity to depose Mr. Trevino and try to expand on some of those details if they had wanted to rebut that evidence. But as it is, there's nothing here indicating that there was anything improper about his submission. Do you want to save your time for rebuttal? Yes, please. Thank you. Okay. Thank you. Mr. Mark. Good morning, Your Honors. May it please the Court, Deputy Attorney General Arthur Mark for the appellees. There are two reasons this Court should affirm the District Court's judgment. First, Trevino litigated the issue of his exhaustion of CDCR's administrative remedies in a prior state court action, and he lost. That decision is preclusive of the exhaustion question in this case. Second, if this Court is not inclined to affirm on the basis of collateral estoppel, the undisputed evidence shows that Trevino failed to exhaust available administrative remedies, which he was required to do under the PLRA. Third, the record shows undisputed evidence that there were additional steps Mr. Trevino should have taken, but he did not utilize. First to the preclusion question. In 2014, Mr. Trevino litigated the issue of his exhaustion of available remedies in the state court. The elements of collateral estoppel are met in this case. There's no dispute that the identity of the parties and the Court's prior order are final. So we go to the third element, the identity of issues litigated. That element is also met. In his state court petition, Mr. Trevino claimed he submitted an inmate appeal in April 2012. He submitted the same evidence that he submitted in this case. He said he put the Form 22 in the mail and submitted it to the prison. The Superior Court considered that evidence and denied his petition, not once but twice. First, in his initial submission, the Superior Court considered the evidence and denied it. Then Mr. Trevino filed a motion for reconsideration where he reiterated his arguments and the Superior Court denied it again, specifically finding that the motion for reconsideration, the Court again finds, quote, petitioner failed to exhaust administrative remedies. This is the exact issue. The Superior Court concluded that California's standard for exhaustion was different, and you heard that just a few minutes ago as well from Appellant's Counsel. If that's the case, how is it the federal court supposed to apply the California standards? If you look at the case of Wright v. State of California, which is a California Court of Appeal decision, that case finds that the exhaustion requirement under state law in terms of the prison's remedies and the PLRA are parallel. It's the same issue, and the factual determination that was made by the Superior Court was based on the same kind of evidence that Mr. Trevino had and that Mr. Trevino is arguing for his exhaustion efforts in this case. We submitted a standard in the same evidence. I'm not sure why we need to resort to collateral estoppel. Why can't we make the same decision? And if we don't make the same decision, does that suggest that maybe there was something askew about the Superior Court's judgment? I don't believe there was anything askew about the Superior Court's judgment. I believe in this case, under standards of collateral estoppel, to avoid inconsistent decisions between state and federal courts within the same jurisdiction, this court should give preclusive effect to a final state court judgment, which considered the same issue. And so the case we submitted yesterday in the Rule 28J letter speaks to this. It's the In re Zuckerman decision. In that case, there was an uncontested trial in the state court, and the court determined the issue of fraud, and when the appellant came to the bankruptcy panel and tried to say that they shouldn't give preclusive effect to that decision, the Ninth Circuit's panel gave that state court decision preclusive effect, and it found that you must take the state court's judgment at its face value. You can't look behind it. You can't second-guess it. You just have to look at what was determined. I may have misunderstood, but I understood the counsel's argument to be that in the state court, there was a different burden of proof, and the burden was on the inmate to demonstrate exhaustion, while she thinks in federal court, the burden would be instead on the government. Could we use collateral estoppel if, indeed, the burden of proof is different? I mean, excuse me, the burden of persuasion is different? Collateral estoppel does apply here because if you look at what Mr. Tremino has to prove under the PLRA and what he was attempting to prove in state court, it's the same issue. Considering exhaustion under the PLRA, you have the prison coming forward and saying there is a remedy available. We made that showing. So then the burden shifted to Mr. Tremino to show that something in his specific case made the general remedy unavailable to him. So the burden was on him in the state court, and the burden was on him in the federal court to show that something made his remedy that was available to him unavailable in his specific case. He did not make that showing in the state court. Based on the same evidence he's presented here, the state court found that he failed to exhaust his administrative remedies. So do you take from that that the state court found that he did not hand in a Form 22, whatever it is? The state court found he failed to exhaust his available administrative remedies. The Zuckerman case says you can't second guess what the state court found. In other words, you should take his judgment, his final judgment at face value. So the finding that he failed to exhaust his administrative remedies. So what's the identical issue you're asking? Your argument is that the state court decided that the exhaustion requirement under state court is identical to the exhaustion requirement under the PLRA? Is that your argument? Yes, that's the argument. And if you look at the Wright versus State of California decision, that says that the exhaustion requirement parallels the PLRA. And we're talking the prison's exhaustion requirement, which is what Mr. Trevino was arguing. He wasn't arguing some other type of exhaustion when he was submitting his argument to the superior court. He was making the PLRA argument, and that's obvious from the evidence he submitted in the superior court, which is virtually identical to the evidence he submitted here. He's trying to get a second bite at the apple two years later. The issue of preclusion says he cannot do that. I hope you'll use some of your time remaining to get to the more direct issue, which is can the district court's determination be sustained on summary judgment? Is the prisoner's evidence insufficient for some reason? And if so, what is the reason it's insufficient? Mr. Trevino's evidence is insufficient because he failed to prove his burden, which is set forth in the, if you look at Ross v. Blake, there are three basic categories of unavailability. The one that he fixed on is an allegation that somehow the prison interfered with his ability to exhaust the available remedy. Well, if you look at Ross v. Blake, the court there spoke to what is interference, what evidence, what quantum of evidence must the prisoner come forward with? And one single allegation of a lost appeal in which he provides no evidence of how he submitted it or who he gave it to or anything like that is not enough to meet the burden of machination, misrepresentation, or intimidation by a prison official. In fact, Mr. Trevino's own statement is speculative. He speculates that evidently, and that's a quote, at the expense of record 373, the appeals coordinator, quote, disposed of it, close quote. But that is not evidence based on personal knowledge, and there's no indication that that speculative statement has any quantum of truthfulness to it. Well, isn't that a credibility judgment? No, because the court can determine whether the inmate's statement is reasonable as a matter of law based on undisputed evidence. So even accepting his statement on that issue, you can determine that it is not up to the quantum that the Supreme Court required in Ross v. Blake. And even beyond that, when Mr. Trevino received the Form 22 back in August of 2012, he had two additional remedies he could have taken once he was advised that the prison had not received his appeal. He could have submitted another appeal, and if that was rejected for untimeliness, he could have appealed the cancellation. Under Ross v. Blake, the prisoner must take reasonable steps to exhaust. It's unreasonable for him not to do so in those circumstances. Is there anything in the prison exhaustion regulations or policy statements that requires a prisoner to submit multiple, multiple Form 22s in regard to one incident, you know, to a particular incident? Not specifically. But I would say that once Mr. Trevino was on notice that the prison did not receive his appeal, he had an obligation to take advantage of those additional remedies. The Ross v. Blake decision specifically says, if prison regulations are open to two interpretations, the prisoner should err on the side of using those remedies that are available. Mr. Trevino did not do that. Instead, he submitted this one Form 22 in August. He got a response the next day. That response told him, we have no appeal. And then he did nothing. For two years, he did nothing. So that is an unreasonable attempt to exhaust, and that is an additional reason this court should affirm. Thank you. Okay. Counsel, you had some rebuttal time? Rebuttal? Great. So I'd like to just start by responding to a defendant's argument about the Zuckerman case, which they raised in their 28-J letter. First of all, in that case, the issue in the state proceeding was identical to the issue in the later bankruptcy proceeding. It was the exact same issue, the same elements, the exact same burdens. It wasn't a case like this one where it was two distinct legal standards, the burden of proof shifted, and the entire argument here that administrative remedies were unavailable is not even a concept that exists under the California exhaustion requirement. As for a defendant's argument that Zuckerman prohibits you from looking at how the court reached its decision, to be clear, we're not questioning how the court reached its decision. We're explaining that the state court did not decide the issue that defendants are claiming it did. And there's no question that courts are permitted to look at the record and the posture of the first case to determine what was actually litigated and actually decided in that case. Zuckerman itself says that on page 10. And I also want to point out two additional statements from Zuckerman that might be relevant here. First, that the party asserting issue preclusion bears the burden of proving all of the requisites for its application, including what facts were actually litigated, and that any reasonable doubt as to what was decided in the prior action will weigh against applying issue preclusion. So I think even if defendants have somehow demonstrated that there's ambiguity about what the state court decided here, that that only supports our argument that collateral estoppel is not available. Finally, just in my last couple seconds, I'd like to note that in Albino v. Baca, this court held that when defendants haven't met their burden of rebutting of plaintiff's evidence that administrative remedies were not available, it's appropriate to grant summary judgment to the plaintiff on the issue of exhaustion. The court did that in Albino and in Todd v. Johnson, and it's the appropriate remedy here as well. So unless the court has any further questions, we'd ask the court to reverse and remand with instructions to grant summary judgment to Mr. Trevino on the exhaustion issue. Let me ask you to work overtime just a bit on the last point made by Mr. Mark, which is why shouldn't we take the inactivity for a couple of years after, I think it was August, when your client was notified that there was no record of an appeal, and apparently he did nothing about that for some time. Why shouldn't we take that as pretty definitive evidence that he sat on his rights, that he didn't pursue what he was required to? First of all, I don't think that defendants are correct to say that there's some kind of freestanding reasonableness inquiry. Prisoners are required to comply with the grievance procedures that the prison itself creates. There's not some kind of further question about did they go beyond that. Here, Mr. Trevino did comply with what the prison required. I also think that Mr. Trevino did continue following up on his grievance. He filed two inquiries asking when is this grievance going to be processed, and then after he heard back, he did submit a second grievance later in August. This is not a situation where he just filed an appeal and then gave up. But even if that had been the case, the prison's failure to respond to a properly filed grievance is enough to make administrative remedies unavailable. I'm just going to hit three quick reasons why that's true. First of all, as I said, the prison's regulations define what inmates must do to exhaust, and here they did not require further action. They did not direct further action. In fact, the actions that defendants suggest Mr. Trevino could have taken, the regulations specifically provide that those actions either would not exhaust as administrative remedies or would violate some kind of other rule, like submitting further grievances, they would be untimely. Form 22 inquiries do not exhaust. So the regulations certainly don't suggest that that would be a reasonable way to continue forward. Also, this court has never considered follow-up efforts necessary in previous PLRA exhaustion opinions, even though the kinds of efforts that the district courts had suggested would have been available in every case. And finally, I think holding the prison to the requirements of its own grievance system, it makes sense. The PLRA gives prisons immense leeway to create their own grievance system with whatever rules they want. It requires prisoners to strictly comply with those rules. But the background assumption there is that the administrative grievance process works the way it's supposed to. It's fair to hold the prison to the process it created and runs. And prisons should be incentivized to comply with that process and to respond to prisoner grievances. Okay. Thank you, counsel. You earned your key back for working overtime. Thank you. With that, we will submit the case and we thank you for your participation, not only for your arguments, but for the virtual court. So we'll take a short recess while we organize for the next case. Thank you. Thank you.
judges: Paez, Clifton, Harpool